**SHIP CABIN CLUB, Inc. v. CRENSHAW, Collector of Internal Revenue.**

No. 6470.

United States Court of Appeals Fourth Circuit.

Argued Oct. 16, 1952.

Decided Nov. 5, 1952.

Jordan A. Pugh, III, Norfolk, Va., for appellant.

Robert B. Ross, Sp. Asst. to the Atty. Gen. (Charles S. Lyon, Acting Asst. Atty. Gen., Ellis N. Slack, Helen Goodner and Maryhelen Wigle, Sp. Assts. to the Atty. Gen., A. Carter Whitehead, U. S. Atty., Richmond, Va., and Charles R. Dalton, Jr., Asst. U. S. Atty., Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

Ship Cabin Club, Inc., a Virginia corporation, brought this suit to recover the sum of $2110 paid by the corporation under protest to the Collector of Internal Revenue on account of a penalty assessed against it for failing to collect and pay over to the Collector the tax on dues or assessments paid to it by its stockholders or members.

Section 1710 of the Internal Revenue Code imposes a tax of 20 per centum of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year. 26 U.S.C.A. §§ 1650, 1710. Section 1712 provides that the term "dues" includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days. Section 1718(c) provides that any person who willfully fails to pay or account for and pay over such a tax shall be liable to a penalty

of 100 per centum of the tax not paid, or accounted for and paid over.

During the period from February 1, 1944 to March 31, 1948 the total sum of $10,550 was paid to the corporation by the stockholders or members; but the managers of the enterprise were of the opinion that the enterprise was not a social, athletic or sporting club, and that the amounts received were not dues, and hence the corporation failed to collect the 20 per centum tax due or pay it to the government. At the trial in the District Court the judge submitted to the jury the single issue as to whether or not the corporation was a sporting club and the jury answered the question in the affirmative. The government, however, conceded during the trial that of the monies collected during the period specified the sum of $3125 was not paid as dues but was contributed for the purchase of additional capital assets, and accordingly a judgment was entered for the corporation in the sum of $625. The corporation appealed on the ground that it was entitled to a refund of the entire sum of $2110.

The certificate of incorporation stated that the purposes of the corporation were to buy, sell, hold and operate real estate in Virginia, particularly hunting lodges, preserves, farms, blinds, boats, tackle and other gear reasonably necessary for their operation. The charter provided for only one class of no par value, fully paid and non-assessable common stock. There were eight shareholders, each of whom purchased one share for $500 upon incorporation. The by-laws provided that no shareholder should sell or transfer his stock to any one except one of the eight original subscribers unless he should first offer it to each of them. The sum of $4,000 furnished by the shareholders at the beginning is not involved in this case. It was used to purchase a hunting lodge property known as Ship Cabin Club, and this name was retained in the corporate title. It was thought best to put the enterprise in corporate form in order to shield the contributors and their wives from liability for damages from accidents.

The testimony tended to show that the corporation was formed by eight men who were friends and were interested in duck shooting, and that the original purpose was to purchase the property because they considered it a bargain and expected to sell it in a short time at a substantial profit. The property was advertised for sale, but by reason of unforeseen circumstances an advantageous sale could not be made, and the corporation was forced to meet heavy expenditures for maintenance and supervision; and since it had no income and its stock was non-assessable, the members elected to raise the needed funds by voluntary contributions. The expenses were paid in the first instance by the member who originated the enterprise and when he felt that the load was getting too heavy, he submitted statements of the expenditures to his fellow members and they responded with the payments which were found to be subject to the tax. There was no formal imposition of dues or assessments and no shareholder was subjected to any penalty or loss of privilege for making or failing to make a contribution. During the four year period ten payments were made by the members which ranged from $100 to $300 each. In the great majority of instances each member paid the same amount but in a few instances one or two of the members failed to respond.

During the same period the members continued to use the property for duck shooting purposes. They also improved the property by purchasing a small island and certain equipment which consisted of boats, blinds and an engine. These purchases totalled the sum of $3125 and were conceded by the government to be capital contributions and not the payment of dues. These purchases were made to maintain and to improve the property as a duck shooting site.

At the conclusion of the evidence both parties moved for a directed verdict, but the motions were denied, and the question was submitted to the jury. The judge charged the jury that if they found that the purpose of the corporation was to hold title to realty and other assets which the corporation purchased, it was entitled to recover the amount paid out for the tax; that if they found that the enterprise was not a sporting club, there was no liability; but

if they found that it was a sporting club they need go no further because the amount of the tax was a subject of computation which would be made by the court. The court therefore told the jury that it was submitting to them only the question of whether the corporation was or not a sporting club; but they were also told that in arriving at the answer to this question a number of factors should be considered. The court said:

"* * * The fact that this property owned by the corporation is suitable and used for sporting purposes is not conclusive upon the question which you have before you. You should take into consideration the extent and the manner in which it is used: that is, the method. Among other characteristics of a club which you should consider is the question of membership. I'm sure you all are as familiar as is the Court with the characteristics of what is a club. Among other things, as I say, there is the matter of membership. The assessability of dues, whether dues or other charges are assessed against the members by the club is another. Ordinarily as we are all aware, dues are payable to a club upon penalty of forfeiture of some right or privilege for failure to pay. You may take all that into consideration. Ordinarily with respect to a club you should consider the purpose for which payments are made; that is, whether the revenue derived from the dues goes to furnishing of sporting facilities, supplying of sporting facilities, or goes to other purposes. And you should consider all these and perhaps other items characteristic of a club in determining whether or not this is a sporting club.

"Now voluntarily in connection with the assessment of dues, I say to you voluntary contribution of dues by owners of the property or joint owners of the property for upkeep or repairs or additions to property known as capital investments do not constitute dues. Dues are, as I said, assessable under penalty of losing some right or privilege for non-payment. Now you should take all these matters into consideration in determining whether or not the plaintiff is a sporting club."

We think that under this charge the question as to whether the enterprise was a sporting club, under the meaning of § 1710 of the Internal Revenue Code, and the question whether the sums paid were dues or assessments within the meaning of § 1712, were fairly submitted to the jury. There was evidence to support both theories of the case so that an issue of fact arose. On the one hand the contents of the charter of incorporation and the testimony of the taxpayer's witnesses indicated that the parties intended to purchase and hold the property as a business venture and to sell it at a substantial profit; and the property was in fact advertised for sale; and there was no provision of the charter or by-laws which empowered the corporation to impose a formal assessment on the members and to penalize defaulters, but, on the other hand, the membership was composed of a small number of mutual friends or acquaintances who enjoyed the sport of duck shooting for a substantial period of time and paid the necessary expenses to supervise and maintain the property for these purposes. While there were no express words of compulsion, the necessity for regular payments was obvious to all, and the obligation of each to do his part was as effective as if a penalty had been agreed upon. Indeed with a few exceptions, which might have occurred in any form of organization, each member paid his share. It is manifest that the language used in the charter and in the testimony of the witnesses in describing the purpose of the corporation and the character of the payments by the members is not conclusive; and that there was room for the conclusion of the jury that during the period in question the corporation was an association of friends for sporting purposes, and that the payments were made in the nature of dues or assessments which were necessary to keep the enterprise alive. The conduct of the parties to a going concern may be as significant as the provisions of written documents to which they subscribe. The

payments in this case were not of the isolated and casual character which in some decisions have been held not to be dues subject to the tax. See Garden City Golf Club v. Corwin, 2 Cir., 62 F.2d 246; Fresh. Meadow Country Club v. United States, D.C.E.D.N.Y., 17 F.Supp. 400; Pendennis Club v. United States, D.C.W.D.Ky., 20 F.Supp. 758.

It is now objected by the appellant that the court should have submitted two separate questions to the jury instead of one, that is: (1) whether the organization was a sporting club and (2) whether the sums of money paid by the members were dues or voluntary contributions. The appellant made it clear at the time of the trial in the District Court that it was defending on both grounds. It did not, however, object to the form in which the matter was submitted to the jury and we think it is clear from the portion of the court's charge quoted above that the jury understood that it should not find for the government unless it was convinced that the evidence did not support either one of the plaintiff's contentions. The judgment was in accord with the following statement from White v. Winchester Country Club, 315 U.S. 32, 41, 62 S.Ct. 425, 430, 86 L.Ed. 619:

> "Consideration of the nature of club activity is a necessary preliminary to the formulation of a test of what constitutes a 'due or membership fee.' So far as finances go, the fundamental notion of club activity is that operating expenses are shared without insistence upon equivalence between the proportion of an individual's contributions and the proportion of the benefits he receives. Thus, on the one hand, payment of the price of an individual dinner at the club dining room or of a single round of golf lacks the element of making common cause inherent in the idea of club activity. But, on the other hand, payment for the right to repeated and general use of a common club facility for an appreciable period of time has that element and amounts to a 'due or membership fee' if the payment is not fixed by each occasion of

actual use." See also Lake of the Forest Club v. United States, 10 Cir., 137 F.2d 843.

The judgment of the District Court is Affirmed.